UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GUY CALLA,

                               *Plaintiff,*

                    -against-

CDL UNDERGROUND SPECIALISTS, INC. d/b/a CDL
UNDERGROUND UTILITIES and CHRISTOPHER
ABRUZZO,

                              *Defendants.*

------------------------------------------------------------------x

Case No.: 17-cv-1713

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff, Guy Calla ("Plaintiff"), by and through his attorneys, Frank & Associates, P.C., brings this Complaint against Defendants, CDL Underground Specialists, Inc. d/b/a CDL Underground Utilities and Christopher Abruzzo, and respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to recover unpaid overtime wages owed to him by Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, ("FLSA"), Article 19 of New York Labor Law Article §650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, 2.2 ("New York Labor Law"). Specifically, Defendants failed to pay Plaintiff one-half times his normal rate of pay for all hours worked in excess of forty (40) in a single workweek.

2. This action is also brought pursuant to the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq.* Specifically, Defendants discriminated against Plaintiff because he suffers from a disability.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to the claim for unlawful employment practices occurred in Kings, Queens, Nassau, and Suffolk Counties.

5. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

6. The statute of limitations herein is three (3) years from the date this Complaint is filed for the unlawful violations of the FLSA and six (6) years for the unlawful violations of New York Labor Law.

## PARTIES

7. At all times relevant to the Complaint, Plaintiff lived at 69 Moorewood Drive, Smithtown, New York 11787 and currently resides at 112 Burlington Boulevard, Smithtown, New York 11781.

8. Plaintiff suffers from a malrotation disability that upsets his digestive process and a torn bicep tendon injury that he suffered from an on-the-job accident.

9. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and NYLL §190(2).

10. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of the NYSHRL.

11. Upon information and belief, Defendants are a domestic business corporation existing by virtue of and under the laws of the State of New York, engaged in the business of

underground construction and maintenance of infrastructure for electric, gas, drainage, water, and telecommunication systems.

12. Upon information and belief, Defendant Christopher Abruzzo is the owner and sole shareholder of Defendant CDL Underground Specialists, Inc. d/b/a CDL Underground Utilities.

13. Upon information and belief, Defendant Abruzzo had authority to make payroll and personnel decisions for Defendant CDL Underground Specialists.

14. At all times relevant to the Complaint, Defendants are and were employers which have intertwined management policies and procedures, and as such are "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), New York State Labor Law §190(3) and NYSHRL.

15. At all times relevant to the Complaint, Defendants had gross revenue in excess of $500,000 per annum.

## RELEVANT FACTS

16. Plaintiff commenced his employment with Defendants in 2001.

17. Plaintiff was hired as a manager whose job duties were including, but not limited to, supervising laborers, surveying prospective job locations, drawing layouts of prospective job sites, collecting permits from prospective contractors, and working with municipalities to receive work permits.

18. Plaintiff was initially paid a flat rate of $120.00 per day, regardless of the number of hours worked.

19. In or about January 2011, Plaintiff received a raise and was paid $130 per day, regardless of the number of hours worked.

20. On or about October 9, 2015, Plaintiff's pay changed to a salary of $1400 per week.

3

21. From 2001 to October 8, 2015, Plaintiff was a non-exempt employee, and was required to be paid overtime wages at the statutory rate of time and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a single work week.

22. Plaintiff's schedule varied depending on the job assignments for that particular week, however Plaintiff always worked at a minimum, five (5) days, between forty-eight (48) to fifty-seven (57) hours each week.

23. Plaintiff most frequently worked Monday through Friday from approximately 6:30 a.m. to 4:00 p.m.

24. For example, during the week of September 30, 2014, Plaintiff worked fifty-five (55) hours but was only paid for the first forty (40) hours worked.

25. Defendants provided Plaintiff with inaccurate paystubs that never reflected Plaintiff's actual hours worked.

26. Defendants did not have a clock in/out machine or any other device to keep an accurate account of Plaintiff's hours worked.

27. Plaintiff complained to Defendant Abruzzo on a bi-monthly basis about not being paid correctly. Most recently being in December 2016. On this occasion, Plaintiff complained to Defendant Abruzzo about not being paid proper overtime wages and demanded he receive proper wages. In response, Defendant Abruzzo unjustly criticized Plaintiff by telling him "because of your disabilities, you are not as useful of an employee and don't deserve to be paid properly."

28. Throughout Plaintiff's employment, Defendant Abruzzo constantly made discriminatory remarks regarding Plaintiff's malrotation disability and unjustly criticized Plaintiff for using the bathroom frequently.

29. On or about December 2, 2015, Plaintiff suffered an on the job injury while trying

4

to lift a manhole cover at the Staten Island State Mental Home. Plaintiff severely injured his left bicep tendon, which to this day continues to cause him great pain and angst.

30. As a direct result of Plaintiff's on-the-job injury, beginning in or around January 2016, Defendants hired a non-disabled employee to perform all of Plaintiff's job duties, except for supervising the laborers. Defendants discriminated against Plaintiff by reducing his job duties because he suffers from a disability, therefore reducing the number of hours Plaintiff can work.

### **FIRST CLAIM FOR RELIEF**
### **(FLSA §201 et. seq.)**

31. Plaintiff alleges and incorporates by reference all statements, facts and allegations in the preceding paragraphs.

32. Defendants employed Plaintiff for workweeks at all times in excess of forty (40) hours, and willfully failed to compensate him for the overtime hours he worked on behalf of the company at a rate of at least one and one-half times his regular hourly rate, in violation of the FLSA.

33. Defendants' time records for Plaintiff contain inaccurate details concerning the number of hours actually worked each week.

34. Defendants' violations of the FLSA described herein were willful and intentional. Defendants did not make a good faith effort to comply with the FLSA regarding Plaintiff's compensation.

35. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255 dated from the date this Complaint is filed.

36. As a result of Defendants' unlawful acts, Plaintiff has been deprived of his right to overtime compensation, in an amount to be determined at trial, and is entitled to recovery of his loss of overtime wages, 100%, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C.

§216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants employed Plaintiff for workweeks at all times in excess of forty (40) hours, and willfully failed to compensate him for the overtime hours he worked on behalf of the company at a rate of at least one and one-half times his regular hourly rate, in violation of New York Labor Law.

39. Defendants' time records for Plaintiff contain inaccurate details concerning the number of hours actually worked each week.

40. Defendants' violations of New York Labor Law described herein were willful and intentional. Defendants did not make a good faith effort to comply with New York Labor Law regarding Plaintiff's compensation.

41. Because Defendants' violations of New York Labor Law were willful, a six-year statute of limitations applies.

42. Defendants' failure to pay Plaintiff overtime wages for his overtime hours worked violated New York Labor Law Article 19, §650 et seq., and supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142, 2.2.

43. Due to Defendants' violations of the New York Labor Law, Plaintiff must recover from Defendants his unpaid overtime wages, liquidated damages as defined by statute, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest at the statutory rate of 9% per annum.

## THIRD CLAIM FOR RELIEF
## (DISABILITY DISCRIMINATION IN VIOLATION OF NYSHRL)

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff suffers from disabilities that fall within the meaning of the NYSHRL.

46. Defendant inflicted an adverse employment action upon Plaintiff by restricting his job duties to basic supervision responsibilities of the laborers, thus reducing his ability to work more hours.

47. Throughout Plaintiff's employment, Defendant Abruzzo made discriminatory remarks regarding Plaintiff's malrotation disability.

48. As a proximate result of Defendants' willfully discriminatory actions, Plaintiff has suffered and continues to suffer severe and lasting anguish, embarrassment, and humiliation and other incidental and consequential damages and expenses, in an amount to be determined at trial, but in any event, not less than $1,000,000.

49. Defendants willfully, severely and with knowledge that their acts violated Plaintiff's rights, therefore, punitive damages should be awarded in an amount of at least $1,000,000 violated Plaintiff's rights.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually prays for the following relief:

(i) On the FLSA Claim - Unpaid overtime wages and an additional and equal amount

as liquidated damages pursuant to 29 U.S.C. §201 et seq. and supporting U.S. Department of Labor regulations for a period of three (3) years;

(ii) Unpaid overtime pay pursuant to New York Labor Law, Article 19, §§650 et seq., and supporting New York State Department of Labor Regulations, plus statutory liquidated damages and pre- and post-Judgment interest at a rate of 9% per annum;

(iii) Compensatory damages, back pay, front pay, liquidated damages, and all benefits which would have been afforded to Plaintiff but for Defendants' unlawful actions;

(iv) Punitive damages;

(v) Declaring that Defendants violated the aforementioned statutes;

(vi) Reasonable attorneys' fees and litigation costs available to a prevailing party incurred to prosecute these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Farmingdale, New York
March 28, 2017

**FRANK & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*

By: _____
Neil M. Frank, Esq.
500 Bi-County Blvd., Suite 465
Farmingdale, New York 11735
nfrank@laborlaws.com
T: (631) 756-0400
F: (631) 756-0547